STEPHEN H. TURNER, SB# 89627
  E-mail: turner@lbbslaw.com
LARISSA G. NEFULDA, SB# 201903
  E-Mail: lnefulda@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendant, PROGRESSIVE MANAGEMENT SYSTEMS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA COURTHOUSE

| | |
|---|---|
| JEWEL DOHAN,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE MANAGEMENT SYSTEMS, LLC,<br><br>    Defendant. | CASE NO. SACV11-00625 DOC (Ex)<br><br>**DEFENDANT THE PROGRESSIVE MANAGEMENT SYSTEMS, LLC'S ANSWER TO COMPLAINT** |

Defendant PROGRESSIVE MANAGEMENT SYSTEMS, LLC ("Defendant"), for itself and for no other defendant, answers Plaintiff JEWEL DOHAN's ("Plaintiff") Complaint as follows:

    1.    Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq., but Defendant denies that it violated any of these laws in any way.

    2.    Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to allege violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code Section 1788, et seq., but Defendant denies that it violated any of these laws in any way.

3. Answering Paragraph 3 of the Complaint, Defendant admits that jurisdiction would be proper if Plaintiff had a claim. Defendant denies Plaintiff has a valid claim.

4. Answering Paragraph 4 of the Complaint, Defendant admits that it conducts business in California. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendant denies same.

5. Answering paragraph 5 of the Complaint, Defendant admits venue would be proper if Plaintiff had a claim. Defendant denies Plaintiff has a valid claim.

6. Answering Paragraph 6, Defendant admits that Plaintiff is a natural person. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendant denies same.

7. Answering Paragraph 7 of the Complaint, Defendant admits that at one point in time Plaintiff owed a debt to the Southern California Gas Company. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendant denies same.

8. Answering Paragraph 8, Defendant admits that it is a debt collector. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendant denies same.

9. Answering Paragraph 9 of the Complaint, Defendant denies the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

///
///
///


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

11. Answering Paragraph 11 of the Complaint, Defendant admits that Plaintiff owed a debt to Southern California Gas Company. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendant denies same.

12. Answering Paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

13. Answering Paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

14. Answering Paragraph 14 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

15. Answering Paragraph 15 of the Complaint, Defendant admits that it was retained to collect a debt from Plaintiff on behalf of Southern California Gas Company. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendant denies same.

16. Answering Paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

19. Answering Paragraph 19 of the Complaint, Defendant responds that the document speaks for itself.

///
///

20. Answering Paragraph 20 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

21. Answering Paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

22. Answering Paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

23. Answering Paragraph 23 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

24. Answering Paragraph 24 of the Complaint, Defendant responds that the document speaks for itself.

25. Answering Paragraph 25 and subsections (a)-(b) of the Complaint, Defendant denies the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, Defendant responds that Plaintiff is not entitled to the requested relief.

27. Answering Paragraph 27 of the Complaint, Defendant responds that Plaintiff is not entitled to the requested relief.

28. Answering Paragraph 28 of the Complaint, Defendant responds that Plaintiff is not entitled to any other relief.

29. Answering Paragraph 29 of the Complaint, Defendant incorporates each of the above paragraphs as though fully set forth herein.

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

31. Answering Paragraph 31 of the Complaint, Defendant responds that Plaintiff is not entitled to the requested relief.



1  32. Answering Paragraph 32 of the Complaint, Defendant responds that Plaintiff is not entitled to the requested relief.

2  33. Answering Paragraph 33 of the Complaint, Defendant responds that Plaintiff is not entitled to any other relief.

## FIRST AFFIRMATIVE DEFENSE

1. As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

2. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendants were proper and did not violate any provisions of any Federal or State statute.

## THIRD AFFIRMATIVE DEFENSE

3. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to Defendant.

## FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were not accompanied by actual malice, intent or ill will.

## FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged.

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4843-5375-7193.1                                       -5-

ANSWER TO COMPLAINT
CASE NO. SACV11-00625 DOC (EX)

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against Defendant by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against Defendant by the applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

9. As a separate, affirmative defense, Defendant alleges that it at all times alleged in the Complaint, maintained reasonable procedures created to prevent any type of intentional violations of the FDCPA or CA FDCPA.

### TENTH AFFIRMATIVE DEFENSE

10. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §1692(k)(a)(1), §1692(k)(a)(2)(A), §1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1).

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. §1692(k)(c).

/ / /
/ / /
/ / /


LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of Cal. Civ. Code § 1788, et seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Defendant alleges that their actions were privileged pursuant to Federal and State Common Law.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Plaintiff failed to mitigate damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Defendant's alleged acts or omissions were not a proximate cause of said damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. This answering Defendant presently has insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet, unstated separate defenses available. This answering Defendant reserves herein the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

WHEREFORE, this answering Defendant prays:

1. For a judgment in favor of Defendant, and against Plaintiff, and that Plaintiff take nothing by reason of said Complaint;

/ / /

/ / /

/ / /

/ / /



2. That this answering Defendant be awarded cost of suit herein and such other further relief as the Court deems just.

DATED: May 31, 2011                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By /s/ Larissa G. Nefulda
Stephen H. Turner
Larissa G. Nefulda
Attorneys for Defendant, PROGRESSIVE MANAGEMENT SYSTEMS, LLC



4843-5375-7193.1

ANSWER TO COMPLAINT
CASE NO. SACV11-00625 DOC (EX)